# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles James II,<br><br>    Plaintiff,<br><br>v.<br><br>The United States Postal Service<br><br>-and-<br><br>John Doe (Driver).<br><br>    Defendants. | No. _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

**AND NOW**, comes Plaintiff, Charles James II, by and through his attorneys, Freundlich & Littman, LLC, and files the within Complaint against Defendant, The United States Postal Service, averring in support thereof the following:

## PARTIES

1. Plaintiff Charles James II (hereinafter "Plaintiff") is an adult individual who resides at 5489 Quentin Street, 2nd Floor, Philadelphia, PA 19128.

2. Defendant The United States Postal Service (hereinafter "USPS") is a government commission and/or entity organized and existing under the laws of the United States of America, with headquarters located at 475 L'Enfant Plaza SW Washington, D.C. 20260-0004.

3. Defendant John Doe Driver (hereinafter "Defendant Doe") is a fictitious name for the individual driving the USPS postal truck, whose name and identity is presently unknown

to Plaintiff, but is known to Defendant USPS, and will become known through the course of discovery.

4. At all times relevant and material hereto, Defendant USPS and Defendant Doe shall be referred to collectively as "Defendants".

5. At all times relevant and material hereto, Defendants acted by and through their agents, servants, employees and/or other representatives, who acted within the course and scope of their authority and/or employment by Defendants, in furtherance of their business.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 39 U.S.C. §409(a).

7. This Court has supplemental jurisdiction over the pendent state law claims asserted herein pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendant USPS operates an office within the Eastern District of Pennsylvania, Defendant USPS regularly conducts business within the Eastern District of Pennsylvania, and all the events giving rise to this cause of action occurred within the Eastern District of Pennsylvania.

## FACTS

9. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

10. At all times relevant hereto, Plaintiff was the operator of a 2015 Kia Forte (hereinafter "Plaintiff's Vehicle"), owned by his girlfriend Briana Reid-Bey.

11. On or about January 18, 2020, Plaintiff was traveling on Henry Avenue, heading towards the city of Philadelphia.

12. Plaintiff was traveling with the flow of traffic not in excess of the speed limit at all times relevant hereto.

13. On that same date and time Defendant USPS owned a USPS postal truck (hereinafter "Defendants' Vehicle") that was operated by their agent, servant, employee, and/or independent contractor John Doe (Driver).

14. Defendants at all times relevant hereto were traveling on Bowman Street, which was controlled by a stop sign.

15. In Plaintiff's direction of travel, Henry Avenue was not controlled by any traffic control device.

16. Suddenly, and without warning, Defendants negligently made a left hand turn onto Henry Avenue, directly in front of Plaintiff's vehicle without stopping for their stop sign located on Bowman Street.

17. In order to avoid a collision with Defendants' Vehicle, which had just cut off Plaintiff, Plaintiff was forced to slam on his motor vehicle's brakes and turn its wheel.

18. In attempting to avoid Defendant's vehicle, Plaintiff's vehicle hydroplaned, slid across Henry Avenue onto the sidewalk and hit a pole, causing Plaintiff to suffer bodily and emotional injuries.

19. The force of the collision with the pole jerked Plaintiff violently side to side within the vehicle.

20. Defendants were negligent in the operation of their motor vehicle and directly and proximately caused Plaintiff to crash into the pole located on Henry Avenue.

## COUNT I: NEGLIGENCE
## PLAINTIFF VS ALL DEFENDANTS

21. Plaintiff hereby incorporates the preceding paragraphs by references as though set forth at length herein.

22. On or about January 18, 2020, the Defendants negligently caused Plaintiff's vehicle to violently strike a utility pole located on Henry Avenue, directly and proximately injuring Plaintiff as set forth hereinafter.

23. Defendant John Doe's negligence includes the following acts and/or omissions:

    a. disregarding a stop sign in his direction of travel;

    b. failing to yield the right of way to Plaintiff, who had the right of way;

    c. failing to maintain proper and adequate control of his or her motor vehicle;

    d. failing to keep a proper lookout for other vehicles lawfully on the roadway;

    e. failing to notice the presence of Plaintiff's vehicle before negligently colliding into it;

    f. operating his or her vehicle without regard for the rights or safety of Plaintiff or others;

    g. failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the proper operation and control of motor vehicles, specifically 75 Pa. C.S. Section 3323(b);

    h. driving while distracted and/or preoccupied so as to not have observed the presence of Plaintiff's vehicle in his attempted direction of travel;

    i. driving while using an electronic device; and

    j. making a left turn directly in front of Plaintiff's path of travel when Plaintiff had the right of way.

24. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained the following injuries and losses:

    a. severe back pain, neck, shoulder pain and head pain;

    b. emotional distress and mental anguish as a result of the trauma of the collision;

    c. by reason of the foregoing, Plaintiff was obliged and did undergo medical treatment and take medication in an attempt to cure himself of said injuries;

    d. by reason of the foregoing, Plaintiff has been unable to engage in his normal hobbies and avocations;

    e. by reason of the foregoing, Plaintiff has suffered a loss of earnings and/or loss of earning capacity; and

    f. by reason of the foregoing, Plaintiff has been forced to expend sums of money on his treatment;

    g. by reason of the foregoing, Plaintiff has suffered past wage loss and diminution of his future earning capacity;

    h. loss of use of Plaintiff's vehicle; and

    i. deductible expenses to repair Plaintiff's vehicle.

25. All of Plaintiff's losses and damages were directly and proximately caused by the negligence of Defendants.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, together with such other relief as the Court may deem just.

## COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, PLAINTIFF vs. DEFENDANT USPS

26. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

27. Upon information and belief, at all times relevant hereto Defendant John Doe (Driver) was an agent and operator of Defendant USPS acting within the scope of his authority.

28. Defendant USPS had a duty to reasonably ensure that its employees, agents, and/or contractors, such as Defendant John Doe (Driver), were trained and competent drivers.

29. The negligence of Defendant USPS includes but is not necessarily limited to the following acts and/or omissions:

    a. negligently hiring John Doe without doing a proper pre-hiring background check or investigation, skills test, skills assessment, driver education and training sessions once on the job;

    b. failing to conduct "ride alongs" to assess John Doe's driving qualifications;

    c. failing to properly hire its operators, agents, servants, workman, employees and/or representatives so that they were qualified and competent to drive a commercial motor vehicle;

    d. Failing to maintain proper supervision of its operators, agents, servants, workmen, employees and/or representatives;

    e. Failing to assess and determine if its agents, servants, workmen, employees, and/or representatives were capable and competent drivers.

30. Defendant USPS knew or should have known that failing to ascertain that its agents, workmen, servants, employees, and/or representatives were qualified would result in

those drivers causing accidents, as a result of which Plaintiff and other drivers lawfully on the roadways could become injured..

31. As a direct and proximate result of the negligence of Defendant USPS, Plaintiff has suffered the damages above, which are incorporated herein by reference in their entirety.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) in compensatory damages, together with such other relief as the Court may deem just.

Respectfully submitted,

**Freundlich & Littman, LLC**

By: _____/s/_____
Austin R. Freundlich, Esquire (I.D. # 205670)
Gregory C. Littman, Esquire (I.D. # 306806)
David B. Kline, Esquire (ID # 58733)